842 F.2d 1289
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Tyrone C. COOPER, Petitioner-Appellant,
v.
James A. YOUNGBLOOD, individually and in his official
capacity; Attorney General of South Carolina,
Respondents-Appellees.
 No. 87-6706.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1988.
Decided March 3, 1988.
 
 Tyrone C. Cooper, appellant pro se.
 Before WIDENER, K.K. HALL and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Tyrone C. Cooper, a South Carolina inmate, appeals the denial of his 28 U.S.C. Sec. 2254 petition. Cooper alleged in his petition that the South Carolina Supreme Court required him to pay a fee to pursue his appeal from a state civil action Cooper had brought against a detective in the Oconee County Sheriff's Office. Cooper complained that by denying him in forma pauperis status, the South Carolina Supreme Court denied him access to the courts. The district court found that it lacked jurisdiction under 28 U.S.C. Sec. 2254 because Cooper was not attacking the length or constitutionality of his sentence. While we find that Cooper's suit is more properly construed under 42 U.S.C. Sec. 1983, the necessary jurisdiction for federal court review is still lacking.
 
 
 2
 United States district courts and appellate courts have no jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983). There would be no jurisdiction in this case to review a final order of the South Carolina Supreme Court denying Cooper in forma pauperis status.* See id. at 485; see also Ganey v. Barefoot, 749 F.2d 1124 (4th Cir.1984) (district court lacked jurisdiction to decide constitutionality of North Carolina statute requiring appellant in civil case to procure attorney certification before being permitted to proceed in forma pauperis), cert. denied, 472 U.S. 1019 (1985).
 
 
 3
 Therefore, we grant a certificate of probable cause and affirm the district court judgment dismissing the case for lack of jurisdiction. Cooper's request for the appointment of counsel is denied. As the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 4
 AFFIRMED.
 
 
 
 *
 To the extent that Cooper is arguing that the South Carolina rule requiring a fee to appeal a civil matter is unconstitutional, we disagree. Ortwein v. Schwab, 410 U.S. 656 (1973); United States v. Kras, 409 U.S. 434 (1973)